**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **NETSOC, LLC,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 3:18-cv-1809** |
| **v.** | ) | |
| | ) | |
| | ) | |
| **MATCH GROUP, LLC** | ) | **JURY TRIAL DEMANDED** |
| **Defendant.** | ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

NetSoc, LLC ("NetSoc") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent No. 9,978,107 by Match Group, LLC, alleging as follows:

## I.      THE PARTIES

1.   Plaintiff NetSoc is a Texas Limited Liability Company, with its principal place of business located in Harris County, Texas.

2.   On information and belief, Match Group, LLC ("Tinder") is a limited liability company organized and existing under the laws of Texas, with a principal place of business located at 8300 Douglass Avenue, Suite 800, Dallas, Texas 75225.  On information and belief, Match Group, LLC sells and offers to sell products and services throughout Texas, including in this judicial district, and introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in Texas and this judicial district.  Match Group, LLC may be served through its registered agent at CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3140.

## II.      JURISDICTION AND VENUE

3.   This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a), because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

4.   This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of Texas and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

5.   Venue is proper in this district under 28 U.S.C. § 1400(b).  Defendants have committed acts of infringement and have a regular and established place of business in this District.

### III.    INFRINGEMENT ('107 Patent)

6.   On May 22, 2018, U.S. Patent No. 9,978,107 ("the '107 patent", attached as Exhibit A) entitled "Method and System for Establishing and Using a Social Network to Facilitate People in Life Issues" was duly and legally issued by the U.S. Patent and Trademark Office.  NetSoc, LLC owns the '107 patent by assignment.

7.   The '107 patent relates generally to a method and system for establishing and using a social network to facilitate people in life issues.

8.   Support for the allegations of infringement may be found in the following preliminary table:

| CLAIM ELEMENT | PRESENT IN TINDER |
|---|---|
| 1.  A method for establishing a social network, the method being implemented on a network computer system and comprising: | Preamble, non-limiting.  Plaintiff contends Tinder corresponds to a social network.  Plaintiff further contends Tinder is implemented on a network computer system. |

| maintaining a list comprising a plurality of participants, wherein each participant in the plurality of participants corresponds to one or more individuals, | Users of Tinder create a profile.  The profile includes information such as username, address, age, sex, desired matches, and other information. |
| --- | --- |
| | Plaintiff contends profiles created by one or more individuals are maintained in one or more databases. The one or more databases correspond to a list of one or more individuals.  The profile information comes from an individual's Facebook account information and is linked to the individual's Tinder account.  According to the IAC 10-K for 2017, on page 17, Tinder also allows user access from mobile phones. |
| wherein the list also includes information associated with at least one of each participant or the one or more individuals that correspond to each participant; | Individual users of Tinder create a profile.  The profile includes information such as address, age, sex, desired matches, and others. |
| | Plaintiff contends profiles created by one or more individuals, along with the information, are maintained in one or more databases.  The one or more databases correspond to a list of one or more individuals. |
| presenting a user with an interface from which the user makes a selection of a category from a plurality of categories; | Plaintiff contends that Tinder is presented to an individual user through a GUI (graphic user interface) which corresponds to the claimed interface.  Plaintiff further contends that under the My Profile section of the GUI, the individual user can make selections of a category from a plurality of categories.  The following snippet is taken from a My Profile portion of the GUI and allows the categories of maximum distance and age range to be selected, which corresponds with the plurality of categories. |

| | |
|---|---|
| in response to receiving the selection of the category by the user, displaying, for the user, some of the information associated with each of multiple participants from the plurality of participants which match the selection of the category by the user, while shielding contact information associated with each of the multiple participants; | Plaintiff contends that the selection of a category from the plurality of categories is used by Tinder to identify participants from the plurality of participants which match the selection of the category by the user.  Plaintiff further contends Tinder displays some information, such as the username, from the information provided by the user to create a profile through the interface to the user.  However, not all of the information entered to create a profile is displayed to the user.<br><br>Plaintiff contends the sorting of individuals based on a user's category selections and display of profile information corresponds to this claim element. |
| wherein displaying some of the information associated with each of the multiple participants is based at least in part on a rating of individual participants in the plurality of participants; | Tinder allows a user to "swipe left" or "swipe right" to indicate a liking of the displayed participant or not interested in the displayed participant.  Further, Tinder's algorithm rates participants based on criteria.<br><br>Plaintiff contends the "swipe left" or "swipe right" or "swipe up" corresponds to this claim element. |
| enabling the user to send an inquiry message to one or more of the multiple participants, while shielding the contact information from the user, the contact information including any messaging | If both the user and the displayed participant indicate, by swiping right, a liking of one another, such that there is a match, a GUI is displayed that allows messaging of the other participant of the match.  The GUI does not display all information |

| | |
|---|---|
| identifier that is associated with each of the one or more participants; | from the profile of participants in the messaging GUI.<br><br>Plaintiff contends this messaging functionality of Tinder corresponds to this claim element. |
| tracking a response time of each of the one or more participants who received the message from the user; and | Tinder tracks date and time when a match is made, i.e. when both participants "swipe right."  The messaging interface displays the date and time of the match.  Further, the time for the other participant of the match to respond is displayed.<br><br><br><br>Plaintiff contends this described functionality corresponds with this claim element. |
| updating the rating associated with each of the one or more participants based at least in part on the tracked response time. | Tinder's messaging interface has the capability to update based upon most recent messaging.  Further, Tinder's algorithm rates participants.<br><br>Plaintiff contends this functionality corresponds with this claim element. |
| 2.  The method of claim 1, wherein receiving the selection of the category from the plurality of categories includes receiving input that identifies a geographic location. | Tinder's discovery settings allow a user to select from participants located within a certain distance from the user. |

| | |
|---|---|
| |  Plaintiff contends this Maximum distance setting corresponds to this claim element. |
| 3.  The method of claim 1, wherein displaying some of the information associated with each of multiple participants includes displaying an image that is included in the information associated with each of the multiple participants. | Tinder allows participants to upload photos for their profile.  The photos are capable of being displayed when the participant is selected.<br><br>Plaintiff contends this functionality corresponds to the claim limitation. |
| 4.   The method of claim 1, further comprising:<br><br> identifying information for another participant that matches the category selection of the user based on a referral | Tinder's "swipe right" functionality operates as a referral because the more individual users swipe right on a participant is a criteria that will cause the participant to be displayed higher in a user's search results. |

| | |
|---|---|
| provided by one or more users of the network computer system. | Plaintiff contends this functionality corresponds with this claim element. |
| 5.  The method of claim 1, wherein displaying some of the information associated with each of the multiple participants includes displaying information associated with individual participants who match the category selection and have a higher rating in favor of information associated with individual participants who match the category selection and have a lower rating. | Tinder's algorithm rates participants based on criteria.  The algorithm determines, at least partially, the order of the participants displayed in a user's search.  Tinder further includes the functionality of a "Sure-Like" which increases your rating for a match with the other participant receiving the Super-Like.<br><br>Plaintiff contends both of these functionalities corresponds to this claim element. |
| 6.  A computer system comprising:<br><br>a memory to store a list comprising a plurality of participants, wherein each participant in the plurality of participants corresponds to one or more individuals, wherein the list also includes information associated with at least one of each participant or the one or more individuals that correspond to each participant; | Tinder is a consumer brand for online dating that<br><br>enables users to establish a profile and review the profiles of other users without charge.  The profiles are stored in memory of a computer network connected to the Internet and correspond to one or more individuals.  The profile includes information such as username, address, age, sex, desired matches, and other information.<br><br>Plaintiff contends this functionality corresponds with the claim element because, at least in part, the plurality of participants are the Tinder users. |
| one or more processors that execute instructions to:<br><br>maintain the list; | Tinder is a consumer brand for online dating that<br><br>enables users to establish a profile and review the profiles of other users without charge.  The profiles are stored in memory of a computer network connected to the Internet and correspond to one or more individuals.  The profile includes information such as username, address, age, sex, desired matches, and other information. |

| | |
|---|---|
| | Plaintiff contends this functionality corresponds with the claim element because, at least in part, the plurality of participants are the Tinder users. |
| present a user with an interface from which the user makes a selection of a category from a plurality of categories; | Plaintiff contends that Tinder is presented to an individual user through a GUI (graphic user interface) which corresponds to the claimed interface.  Plaintiff further contends that under the My Profile section of the GUI, the individual user can make selections of a category from a plurality of categories.  The following snippet is taken from a My Profile portion of the GUI and allows the categories of maximum distance and age range to be selected, which corresponds with the plurality of categories. <br><br> DISCOVERY SETTINGS <br><br> Maximum Distance        3 mi. <br><br> Looking for        Women  > <br><br> Age Range        38 - 42 |
| in response to receiving the selection of the category by the user, present, for the user, some of the information associated with each of multiple participants from the plurality of participants which match the selection of the category by the user, while shielding contact information associated with each of the multiple participants; | Plaintiff contends that the selection of a category from the plurality of categories is used by Tinder to identify participants from the plurality of participants which match the selection of the category by the user.  Plaintiff further contends Tinder displays some information, such as the username, from the information provided by the user to create a profile through the interface to the user. However, not all of the information entered to create a profile is displayed to the user. |

| | |
|---|---|
| | Plaintiff contends the sorting of individuals based on a user's category selections and display of profile information corresponds to this claim element. |
| wherein displaying some of the information associated with each of the multiple participants is based at least in part on a rating of individual participants in the plurality of participants; | Tinder allows a user to "swipe left" or "swipe right" to indicate a liking of the displayed participant or not interested in the displayed participant. Further, Tinder's algorithm rates participants based on criteria.<br><br>Plaintiff contends the "swipe left" or "swipe right" or "swipe up" corresponds to this claim element. |
| enabling the user to send an inquiry message to one or more of the multiple participants, while shielding the contact information from the user, the contact information including any messaging identifier that is associated with each of the one or more participants; | If both the user and the displayed participant indicate, by swiping right, a liking of one another, such that there is a match, a GUI is displayed that allows messaging of the other participant of the match. The GUI does not display all information from the profile of participants in the messaging GUI.<br><br>Plaintiff contends this messaging functionality of Tinder corresponds to this claim element. |
| tracking a response time of each of the one or more participants who received the message from the user; and | Tinder tracks date and time when a match is made, i.e. when both participants "swipe right." The messaging interface displays the date and time of the match. Further, the time for the other participant of the match to respond is displayed.<br><br> |

9

| | Plaintiff contends this described functionality corresponds with this claim element. |
|---|---|
| updating the rating associated with each of the one or more participants based at least in part on the tracked response time. | Tinder's messaging interface has the capability to update based upon most recent messaging.  Further, Tinder's algorithm rates participants.<br><br><br>Plaintiff contends this functionality corresponds with this claim element. |
| 7.  The computer system of claim 6, wherein the one or more processors receive the selection of the category from the plurality of categories by receiving input that identifies a geographic location. | Tinder's discovery settings allow a user to select from participants located within a certain distance from the user.<br><br><br><br>Plaintiff contends this Maximum distance setting corresponds to this claim element. |
| 8.  The computer system of claim 6, wherein the one or more processors display some of the information associated with each of multiple participants by displaying an image that is included in the information associated with each of the multiple participants. | Tinder allows participants to upload photos for their profile.  The photos are capable of being displayed when the participant is selected. |



| | |
|---|---|
| | Plaintiff contends this functionality corresponds to the claim limitation. |
| 9.  The computer system of claim 6, wherein the one or more processors:

identify information for another participant that matches the category selection of the user based on a referral provided by one or more users of the network computer system. | Tinder's "swipe right" functionality operates as a referral because the more individual users swipe right on a participant is a criteria that will cause the participant to be displayed higher in a user's search results.  The Tinder application software is executing on one or more processors.

Plaintiff contends this functionality corresponds with this claim element. |
| 10.  The computer system of claim 6, wherein the one or more processors display some of the information associated with each of the multiple participants by displaying information associated with individual participants who match the category selection and have a higher rating in favor of information associated with individual participants who match the category selection and have a lower rating. | Tinder's algorithm rates participants based on criteria.  The algorithm determines, at least partially, the order of the participants displayed in a user's search.  Tinder further includes the functionality of a "Sure-Like" which increases your rating for a match with the other participant receiving the Super-Like.  The Tinder application software is executing on one or more processors.

Plaintiff contends these structures correspond to this claim element. |

| 11.  The computer system of claim 6, wherein the computer system corresponds to a server, or a combination of servers. | Tinder's online dating software is at least in part offered through computer systems, data centers, and cloud-based web-hosting, i.e. a server or a combination of servers as explained on p. 22 of the ISA 10K for 2017.<br><br>Plaintiff contends this structure corresponds to the claim element. |
|---|---|

- These allegations of infringement are preliminary and are therefore subject to change.

9.  Tinder operates a website at www.tinder.com that infringes one or more claims of the '107 patent, including at least claims 1-11, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '107 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service.  Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

10. Tinder has and continues to induce infringement. Tinder has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., online dating services on the Internet], and related services that provide online dating services across the Internet such as to cause infringement of claims 1–11 of the '107 patent, literally or under the doctrine of equivalents.  Moreover, Tinder has known of the '107 patent and the technology underlying it, from at least the date of issuance of the patent.

11. Tinder has caused and will continue to cause NETSOC damage by direct and indirect infringement of (including inducing infringement of) the claims of the '107 patent.

## IV.    JURY DEMAND

12

NETSOC hereby requests a trial by jury on issues so triable by right.

## V.     PRAYER FOR RELIEF

i.    WHEREFORE, NETSOC prays for relief as follows:

    a.  enter judgment that Defendant has infringed the claims of the '107 patent;

    b.  award NETSOC damages in an amount sufficient to compensate it for Defendant's infringement of the '107 patent, in an amount no less than a reasonable royalty or lost profits, together with prejudgment and post-judgment interest and costs under 35 U.S.C. § 284;

    c.  award NETSOC an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

    d.  declare this case to be "exceptional" under 35 U.S.C. § 285 and award NETSOC its attorneys' fees, expenses, and costs incurred in this action;

    e.  declare Defendant's infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. §284;

    f.  a decree addressing future infringement that either (i) awards a permanent injunction enjoining Defendant and their agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant, from infringing the claims of the Patents-in-Suit or (ii) award damages for future infringement in lieu of an injunction, in an amount consistent with the fact that for future infringement the Defendant will be an adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and,

g.   award NETSOC such other and further relief as this Court deems just and proper.

Respectfully submitted,

**Ramey & Schwaller, LLP**

By: <u>/s/ William P. Ramey, III</u>
  William P. Ramey, III
  Texas Bar No. 24027643
  5020 Montrose Blvd., Suite 750
  Houston, Texas 77006
  (713) 426-3923 (telephone)
  (832) 900-4941 (fax)
  wramey@rameyfirm.com

  ***Attorneys for NetSoc, LLC***