# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| **NETSOC, LLC,** § | |
| § | |
| Plaintiff, § | |
| § | **Case No. 3:18-cv-1809-N** |
| v. § | |
| § | **JURY TRIAL DEMANDED** |
| **MATCH GROUP, LLC,** § | |
| et al. § | |
| Defendants. § | |
| § | |
| § | |

## DEFENDANT PLENTYOFFISH MEDIA ULC'S MOTION TO DISMISS
## PURSUANT TO FED. R. CIV. P. 12(b)(6) AND BRIEF IN SUPPORT THEREOF

Defendant PlentyOfFish Media ULC ("PlentyOfFish") respectfully moves the Court to dismiss Plaintiff NetSoc, LLC's ("NetSoc") Second Amended Complaint (Dkt. No. 26) under Federal Rule of Civil Procedure 12(b)(6) because NetSoc fails to state a claim upon which relief can be granted.

## I.   THE ASSERTED PATENT FAILS TO CLAIM PATENT-ELIGIBLE SUBJECT MATTER UNDER 35 U.S.C. § 101

The Court should dismiss NetSoc's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because U.S. Patent No. 9,978,107 ("the '107 Patent") fails to claim patent-eligible subject matter under 35 U.S.C. § 101.  This issue has been fully briefed by Match Group, LLC ("Match") and NetSoc.  As such, for the sake of brevity, PlentyOfFish incorporates by reference section IV.C of Match's Motion to Dismiss (Dkt. No. 11 at 14-19) and section I.A of Match's Reply (Dkt. No. 18 at 5-10) and moves the Court to dismiss the Second Amended Complaint for the reasons set forth therein.

## II.   THE SECOND AMENDED COMPLAINT FAILS TO ADEQUATELY ALLEGE INDIRECT INFRINGEMENT OR WILLFUL INFRINGEMENT

The Court should also dismiss NetSoc's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because its allegations of indirect infringement and willful infringement against PlentyOfFish are deficient under applicable case law.  Paragraphs 13-15 and the Prayer for Relief of the Second Amended Complaint are specific to PlentyOfFish and are deficient according to the same rationale set forth in Match's Motion to Dismiss (Dkt. No. 11) and Match's Reply (Dkt. No. 18).  Again, for the sake of brevity, PlentyOfFish incorporates by reference sections IV.A and B of Match's Motion to Dismiss (Dkt. No. 11 at 10-14) and section I.B of Match's Reply (Dkt. No. 18 at 10-11) and moves the Court to dismiss the Second Amended Complaint for the reasons set forth therein.

### III.  CONCLUSION

In view of the foregoing, the Court should dismiss NetSoc's Second Amended Complaint (Dkt. No. 26) pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Date: January 4, 2019

Respectfully submitted,

By */s/ Robert Greeson*
       Robert Greeson

**NORTON ROSE FULBRIGHT US LLP**
Robert Greeson (Texas Bar No. 24045979)
**Lead Attorney**
robert.greeson@nortonrosefulbright.com
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201
Tel: (214) 855-7430
Fax:(214) 855-8200

Erik Janitens (Texas Bar No. 24097878)
erik.janitens@nortonrosefulbright.com
1301 McKinney Street, Suite 5100
Houston, Texas 77010
Tel: (713) 651-3629
Fax:(713) 651-5246

**Attorneys for Defendants Match Group, LLC, Humor Rainbow, Inc., and PlentyOfFish Media ULC.**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 4, 2019, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.  Any other counsel of record will be served in accordance with the Federal Rules of Civil Procedure.

*/s/__Robert Greeson_____*
       Robert Greeson